FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 1 200? ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANDEE OJUADE,

                                   Petitioner,

      - against -

UNITED STATES OF AMERICA,

                                   Respondent.
------------------------------------------------------X

05 CV 3549 (SJ)

**MEMORANDUM & ORDER**

**APPEARANCES:**

ANDEE OJUADE
# 42039-019
USP Atlanta
P.O. Box 150160
Atlanta, Georgia 30315
Petitioner, *Pro Se*

JOHNSON, Senior District Judge:

Before the Court is a motion by Andee Ojuade ("Petitioner"), acting *pro se*, to bring a successive motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §§ 2244, 2255 (the "Successive § 2255 Motion"). For the reason stated herein, the Court may not consider the Successive § 2255 Motion.

## BACKGROUND[1]

Petitioner originally filed a motion to vacate, set aside, or correct his sentence,

---

[1] Familiarity with the facts and the procedural history of Petitioner's criminal case and his original motion for relief pursuant to 28 U.S.C. § 2255 are presumed.

1

pursuant to 28 U.S.C. § 2255 (the "Original § 2255 Motion"), on December 19, 1996. See Ojuade v. United States, 96 CV 6203, Docket Entry No. 1. In a Memorandum and Order dated July 27, 1999, this Court denied the Original § 2255 Motion. See Id., Docket Entry No. 14. Petitioner then filed the Successive § 2255 Motion on June 1, 2005. See Ojuade v. United States, 05 CV 3549, Docket Entry No. 1. Petitioner also filed a motion with the United States Court of Appeals for the Second Circuit (the "Second Circuit"), seeking authorization to file a second or successive § 2255 motion with this Court. See Id., Docket Entry No. 4. The Second Circuit denied that motion in a Mandate dated September 21, 2005. Id.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003). Section 2244 (b)(3)(A) of Title 28 of the United States Code provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The same statute directs that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

2

The Second Circuit denied Petitioner's request for authorization to file a second or successive application for relief under 28 U.S.C. § 2255, meaning this Court may not consider Petitioner's most recent request for relief.

## CONCLUSION

For the foregoing reason, the Court may not consider Petitioner's Successive § 2255 Motion, which is hereby DISMISSED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: April 17, 2006  
Brooklyn, New York

s/SJ  
Senior U.S.D.J.

P-049